Carlson v Chelsea Hotel Owner, LLC (2022 NY Slip Op 01117)





Carlson v Chelsea Hotel Owner, LLC


2022 NY Slip Op 01117


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 157608/20 Appeal No. 15346 Case No. 2021-01110 

[*1]Gretchen Carlson et al., Plaintiffs-Appellants,
v
Chelsea Hotel Owner, LLC, et al., Defendants-Respondents.


Leon I. Behar, P.C., New York (Mitchell P. Heaney of counsel), for appellants.
Kasowitz Benson Torres, LLP, New York (Jennifer S. Recine of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 30, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the claims for statutory harassment, private nuisance, and intentional infliction of emotional distress, unanimously reversed, on the law, without costs and the motion denied.
The complaint states a cause of action for harassment under Administrative Code of City of NY §§ 27-2005 (d) and 27-2115 (m) (Jobe v Chelsea Hotel Owner LLC, 198 AD3d 440, 441 [1st Dept 2021]). Namely, it sufficiently alleges that defendants failed to provide essential services, including electricity, water, heat, and ventilation, resulting in violations of the Housing Maintenance Code, and that that failure was calculated to and did cause plaintiffs to vacate their apartment (id.; see also Administrative Code § 27-2004 [a] [48]). Moreover, Supreme Court is a court of competent jurisdiction for the purposes of Administrative Code § 27-2115 (m) (2), the provision under which plaintiffs seek relief (id.). Defendants' contention that plaintiffs' harassment claim under the Administrative Code must be denied because plaintiff failed to plead a specific violation arising from conditions in the apartment to support their claim is without merit (see id.). The existence or absence of a violation can be determined in discovery (see Administrative Code § 27-2115 [h] [2] [ii]).
Defendants do not oppose the reinstatement of the claims for private nuisance or intentional infliction of emotional distress, opting to litigate those claims on the merits. However, contrary to defendants' contention, punitive damages may be appropriate under both causes of action if the alleged acts are shown to be intentional or malicious (Jobe, 198 AD3d at 440). Accordingly, both claims are reinstated, including the demand for punitive damages. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022